Bryan J. Freedman (SBN 151990)
bfreedman@ftllp.com
Brian E. Turnauer (SBN 214768)
bturnauer@ftllp.com
Sean M. Hardy (SBN 266446)
smhardy@ftllp.com
FREEDMAN + TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
Telephone: 310-201-0005
Facsimile:  310-201-0045

Attorneys for Plaintiff Taryn Manning

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARYN MANNING, an individual <br><br> Plaintiff, <br><br> vs. <br><br> CAROLINE DIMECH, a/k/a "CLINE MAYO," an individual; FIERCE FLIX, LLC, a Pennsylvania Limited Liability company, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br> **[28 U.S.C § 2201]** |

Plaintiff Taryn Manning ("Plaintiff") alleges as follows:

## INTRODUCTION

1.  Plaintiff has devoted her life to the arts, and made a successful career in the entertainment industry as an acclaimed actress, composer, and musician. As such, Plaintiff has always had the utmost respect for the intellectual property rights of her fellow artists.  Unfortunately, Plaintiff has been left with no choice

1
**COMPLAINT**

but to bring this action for a declaratory judgment, in the face of baseless claims of copyright infringement by her former business partner.  Beginning in approximately 2007, Plaintiff partnered with Defendant Caroline Dimech, also known as Cline Mayo ("Mayo"), to produce a motion picture tentatively titled "Droppers."  Over the years, Plaintiff and Mayo collaborated, along with other individuals, on the development of this motion picture.

2. In February 2015, in order to generate interest in the motion picture, Plaintiff and Mayo produced a trailer for "Droppers."  Working without a script, Plaintiff was actively involved in every aspect of the trailer's creation.  Plaintiff assembled the cast and the majority of the crew for the trailer through her industry relationships.  Plaintiff starred in the trailer.  Plaintiff developed the dialog for the trailer. Plaintiff even funded the trailer with her own money.  Plaintiff contributed to the look, feel, and scenario for the trailer. Unfortunately, after the trailer was completed, the business relationship between Plaintiff and Mayo ended.  Mayo has since, inexplicably, insisted that Plaintiff not only played no creative role in "Droppers," but that Plaintiff somehow infringed upon a copyright allegedly belonging to Mayo and her company.  Despite multiple attempts to resolve this business dispute, Mayo has threatened litigation unless Plaintiff gives into her unreasonable monetary demands.  In order to establish the rights between the parties once and for all, and demonstrate that Plaintiff has never engaged in a single instance of copyright infringement, Plaintiff now brings this action.

## THE PARTIES

3. Plaintiff Taryn Manning is an individual residing in Los Angeles, California.

4. Defendant Caroline Dimech, also known as Cline Mayo, is and at all times material herein has been an individual residing in Los Angeles County, California.

5. Defendant Fierce Flix, LLC ("Fierce Flix") is a Pennsylvania Limited Liability Company with its principal place of business in Los Angeles County, California.

6. Defendant DOES 1 through 10, inclusive, are sued herein under fictitious names. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein.

7. On information and belief at all times material herein each of the defendants was the agent and employee of some or all of the other defendants, and in so doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## JURISDICTION AND VENUE

8. This action is brought, and this Court has subject matter jurisdiction, pursuant to 28 U.S.C. Sections 1331, 1338, and 2201. This Court has federal question jurisdiction in this matter in that Plaintiff seeks a declaration of rights under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

9. Venue lies within this Court pursuant to 28 U.S.C. Sections 1391(b)(2)-(3) in that Defendants are subject to the personal jurisdiction of this Court in this Judicial District. Specifically, Defendant Mayo has substantial, continuous and systematic contacts with this Judicial District in that she is a resident of Los Angeles County. Defendant Fierce Flix has substantial, continuous and systematic contacts with this Judicial District in that it maintains its principal place of business in Los Angeles County.

## CLAIM FOR DECLARATORY RELIEF – NON-INFRINGEMENT OF COPYRIGHT

10. Plaintiff re-alleges herein by this reference each and every allegation contained in paragraphs 1 through 9, inclusive, of this Complaint as if set forth fully herein.

11.     This is a declaratory judgment action under (i) the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act") and 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act").  On June 30, 2015, Defendants threatened litigation against Plaintiff, asserting that Plaintiff is infringing upon Defendants' claimed copyright in the screenplay for the motion picture tentatively titled "Droppers."  On July 25, 2015, Defendants again threatened imminent litigation based on this purported copyright infringement, unless Plaintiff gave in to certain demands.  As an actual controversy exists by way of the Defendants' credible threat of immediate litigation and demand for monetary compensation, Plaintiff seeks relief from this Court.

12.     Plaintiff is informed and believes that Defendants claim that they own and have standing to pursue claims for infringement of an alleged copyright in the motion picture screenplay tentatively titled "Droppers," and that Plaintiff has infringed such copyright by using copyrighted material without Defendants' permission.

13.     Plaintiff firmly denies that she infringed upon any copyright allegedly belonging to Defendants.

14.     There is an actual and justiciable controversy between Plaintiff and Defendants in that Defendants claim that Plaintiff has infringed upon Defendants' purported copyright.  Conversely, Plaintiff denies Defendants' claims and contends that she has not infringed upon Defendants' purported copyright.

15.     Plaintiff seeks a judicial declaration of the parties' respective rights and obligations with respect to the copyright allegedly belonging to Defendants.

16.     Plaintiff is entitled to a declaratory judgment that she is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by Defendants, either directly, or by inducing others to infringe, or by contributing to the infringement of others.

17. Plaintiff is further entitled to a declaratory judgment that Defendants do not have an interest in the purported copyright to the motion picture screenplay tentatively titled "Droppers" sufficient to confer standing on them to pursue claims of infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor against Defendants as follows:

1. A declaration that Plaintiff is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by Defendants, either directly, or by inducing others to infringe, or by contributing to the infringement of others; and that Defendants do not have an interest in the purported copyright to the motion picture screenplay tentatively titled "Droppers" sufficient to confer standing on them to pursue claims of infringement;

2. For costs of suit incurred herein;

3. For such other and further relief as the Court may deem just and proper; and

4. For attorneys' fees as may be provided by statute.

Dated: July 29, 2015

FREEDMAN + TAITELMAN, LLP

By: /s/ Bryan J. Freedman
Bryan J. Freedman
Brian E. Turnauer
Sean M. Hardy,
Attorneys for Plaintiff Taryn Manning