1  PAUL S. LEVINE (State Bar Number 102787)
   Law Office of PAUL S. LEVINE
2  1054 Superba Avenue
   Venice, CA 90291-3940
3  Telephone (310) 450-6711
   Facsimile (310) 450-0181
4  e-mail pslevine@ix.netcom.com

5  Attorney for Defendants

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

11 TARYN MANNING, an individual )   CASE NO.: 2:15-cv-05762 RSWL PJW
                                 )
12      Plaintiff,               )   **NOTICE OF MOTION AND MOTION TO**
                                 )   **DISMISS COMPLAINT FOR**
13      v.                       )   **DECLARATORY JUDGMENT**
                                 )
14 CAROLINE DIMECH, a/k/a        )   Date: November 17, 2015
   "CLINE MAYO", an individual;  )   Time: 10:00 A.M.
15 FIERCE FLIX, a Pennsylvania   )   Place: Courtroom 21
   Limited Liability Company;    )
16 and DOES 1 through 10,        )
   inclusive                     )
17                               )
        Defendants               )
18 _____)

19 TO Plaintiff TARYN MANNING, and to her Attorneys of Record:

20     PLEASE TAKE NOTICE that on November 17, 2015, at 10:00 A.M.,
21 or as soon thereafter as counsel can be heard, in Courtroom 21 of
22 the United States District Court for the Central District of
23 California, located at 312 North Spring Street, Los Angeles,
24 California 90012, Defendants CAROLINE DIMECH, a/k/a "CLINE MAYO",
25 an individual and FIERCE FLIX, a Pennsylvania Limited Liability
26 Company (collectively "Defendants") will move the Court for an

28   NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT

-1-

1  Order dismissing the COMPLAINT FOR DECLARATORY JUDGMENT in its
2  entirety without leave to amend.
3      This motion is made pursuant to Federal Rules of Civil
4  Procedure ("FRCP") Rule 12(b)(6) on the grounds that Plaintiff's
5  claim for declaratory relief regarding copyright infringement
6  fails to state a claim upon which relief may be granted, inasmuch
7  as: (a) Plaintiff has no standing to pursue her claim; (b)
8  Plaintiff's claim is not ripe and there is no actual controversy
9  to be adjudicated; and (c) there is no subject matter
10 jurisdiction, in that Plaintiff does not allege that Defendants
11 have obtained a Copyright Registration Certificate so that they
12 could initiate a copyright infringement action, as required by 17
13 U.S.C. §§411 and 501(b). In the alternative, this Court may
14 consider this as a motion for judgment on the pleadings pursuant
15 to FRCP Rule 12(c) and 12(h)(3).
16     This motion is based on this notice, the attached memorandum
17 of points and authorities, the records on file in this action and
18 such further and oral documentary evidence as may be presented at
19 the time of the hearing.
20
21 DATED: September 11, 2015
22 Respectfully submitted,
23 LAW OFFICE OF PAUL S. LEVINE
24
25 By: _____
       Paul S. Levine
26     Attorney for Defendants
27
28   NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

"...the recipient of a demand letter may file a protective declaratory relief action, seeking declarations of copyright invalidity and/or noninfringement. Its purpose is to secure priority of filing and thereby maximize the prospect that if litigation goes forward it will be in a forum favored by the accused infringer." Nimmer on Copyright, §33.03

Inasmuch as Plaintiff alleges in her COMPLAINT FOR DECLARATORY JUDGMENT that all parties to this action reside in or have their principal place of business in "Los Angeles County, California", Paragraphs 3, 4, 5, and 6, there was absolutely no reason whatsoever for Plaintiff to have filed this premature Complaint. If Defendants ever bring an action for copyright infringement against Plaintiff, it will be brought in this Court. There is thus no concern about which "forum" would be used for a prospective copyright infringement claim, and this action for declaratory relief should be dismissed in its entirety without leave to amend—it certainly borders on being a frivolous claim.

As will be shown, there is no plausible claim which Plaintiff can possibly state, and her COMPLAINT should be dismissed without leave to amend. Bell A.H. Corp. V. Twombly, 550 US 544, 563, (2007).

**II. PLAINTIFF LACKS STANDING TO BRING HER CLAIM FOR DECLARATORY RELIEF**

Nowhere in her COMPLAINT does Plaintiff allege, nor could she allege, that she has any kind of ownership interest in and to

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT

the copyright for the motion picture (yet to be produced) entitled "Droppers". Her performance as an actress in a promotional trailer for the prospective motion picture, Paragraph 2, certainly did not convey any type of ownership interest in and to the copyright, <u>Garcia v. Google et al</u>, 786 F. 3rd 733 (2015). She therefore lacks standing to pursue her claim for Declaratory Relief, and her COMPLAINT should be dismissed without leave to amend. <u>Maya v. Centex Corp.</u>, 683 F 3rd 1060, 1067 (9th Cir. 2011).

As Plaintiff does not plead that she has any type of adverse legal interest in and to "Droppers", she does not have standing to pursue this COMPLAINT; there is also no "actual controversy" to be adjudicated—*see below*. <u>Shell Gulf of Mexico v. Center for Biological Diversity, Inc.</u>, 771 F 3rd 632 (9th Cir. 2014).

**III. THE OSTENSIBLE "CONTROVERSY" IS NOT "RIPE" FOR ADJUDICATION**

Plaintiff does not allege anywhere in her COMPLAINT that Defendants have registered "Droppers" for copyright; thus, even if Defendants <u>wanted</u> to pursue a claim for copyright infringement against Plaintiff, they could not do so. There must be compliance with the registration requirements of the Copyright Act, 17 U.S.C. §§411 and 501(b), before institution of any action for copyright infringement. The obtaining of an actual Copyright Registration Certificate is <u>absolutely required</u> and, in the absence of same, this Court would not have jurisdiction over an action for copyright infringement. 17 U.S.C. §411 requires that "no action for infringement of the copyright in any United States

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT

work shall be instituted <u>until</u> registration of the copyright claim has been made in accordance with this title." (Emphasis supplied). Accordingly, the claim for declaratory relief must fail, because there is no "actual controversy which is "ripe". The Complaint must be dismissed without leave to amend. <u>Societe de Conditionnement v. Hunter Engineering Co. Inc.</u>, 655 F. 2nd 938 (9th Cir. 1981).

    Thre is no <u>immediate and actual</u> controversy, <u>Moore's Federal Practice</u>, §57.22[2][c], nor is Plaintiff's claim "ripe". Plaintiff could not possibly have a reasonable apprehension of being sued for copyright infringement; her claim is based solely upon conjecture that she <u>might</u> be sued. The COMPLAINT must be dismissed without leave to amend. <u>Chiron Corp. V. Advanced Chemtech, Inc.</u>, 869 F. Supp. 800 (ND Cal. 1994); <u>Del Percio v. Thornsley</u>, 877 F. 2nd 785 (9th Cir. 1989). There is no substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. <u>Principal Life Insurance Co. V. Robinson</u>, 394 F. 3rd 665 (9th Cir. 2005), and Plaintiff's COMPLAINT therefor should be dismissed without leave to amend.

    As a practical, as well as legal matter, there is no hardship to Plaintiff if her COMPLAINT FOR DECLARATORY JUDGMENT is dismissed now. If Defendants ever sue her for copyright infringement, she can always assert by way of affirmative defenses, by way of Counterclaims, or otherwise, all of the things which she is asking this Court to "declare"—that she has not "infringed...any valid copyright owned by Defendants", and

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT

that "Defendants do not have...standing...to pursue claims of infringement", COMPLAINT, Prayer for Relief, Paragraph 1. Her COMPLAINT should therefore be dismissed without leave to amend. Moore's Federal Practice, §57.22[3][b].

**IV. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIM**

**A. Plaintiff's Claim Does Not "Arise Under" the Copyright Act As a Copyright Registration for "Droppers" Is Not Alleged.**

Because Plaintiff does not allege that Defendants have secured a Copyright Registration for "Droppers", Plaintiff's claim for declaratory relief cannot possibly "arise under" the "Copyright Act of 1976, 17 U.S.C. §101 *et seq*", as Plaintiff alleges, Paragraph 8. This Court thus lacks subject matter/Federal question jurisdiction over Plaintiff's claim, and it must be dismissed without leave to amend.

**B. Because There is No Possibility of "Practical Enforcement" of theRemedy Sought on the Parties, the Complaint Should be Dismissed.**

> "A mere demand for declaratory relief does not by itself establish a case or controversy as necessary to confer subject matter jurisdiction. Thus, when the remedy sought is a mere declaration of law without implications for practical enforcement on the parties, the case is properly dismissed." Moore's Federal Practice, 57.22[5].

As previously discussed, Plaintiff does not allege anywhere in the Complaint that Defendants have registered their copyright in and to "Droppers". Instead, Plaintiff seeks a Declaration from this Court that Defendants "do not have an interest in the purported copyright [in and] to the motion picture screenplay

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT

tentatively entitled 'Droppers'...". Such a Declaration, even if it were to be issued, would not prevent Defendants from thereafter filing an application for the registration of copyright in and to "Droppers" in the Copyright Office, and then, when the Registration certificate is issued, filing a complaint for copyright infringement against Plaintiff and possibly others. Again, if that eventuality were to come to pass, Plaintiff could make the very same "arguments" for which she is seeking "Declarations" by way of Affirmative Defenses, Counterclaims, or otherwise. For Plaintiff to seek such a Declaratory Judgment now is premature and unnecessary, and, in any event, even if it were to be issued and entered, unenforceable.

In short, Plaintiff is wasting this Court's time by seeking a remedy without any "teeth". Her COMPLAINT FOR DECLARATORY JUDGMENT should be dismissed without leave to amend.

**V. CONCLUSION**

For all of the above reasons, the COMPLAINT FOR DECLARATORY JUDGMENT should be dismissed without leave to amend.

DATED: September 11, 2015

Respectfully submitted,

LAW OFFICE OF PAUL S. LEVINE

By: _____
    Paul S. Levine
    Attorney for Defendants

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT