JS - 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARYN MANNING, an individual, | ) CV 15-05762 RSWL (PJWx) ) |
| Plaintiff, | ) **ORDER re: DEFENDANTS'** ) **MOTION TO DISMISS** ) **COMPLAINT FOR** |
| v. | ) **DECLARATORY JUDGMENT** ) [14] |
| CAROLINE DIMECH, a/k/a/ "CLINE MAYO", an individual; FIERCE FLIX, a Pennsylvania Limited Liability Company; and DOES 1 through 10, inclusive, | ) ) ) ) ) ) ) |
| Defendants. | ) |

Currently before the Court is Defendants Caroline Dimech ("Dimech") and Fierce Flix's (collectively "Defendants") Motion to Dismiss Complaint for Declaratory Judgment [14]. Defendants move the Court to dismiss Plaintiff Taryn Manning's ("Plaintiff") Complaint for declaratory judgment in its entirety. The Court, having considered all arguments presented, **NOW FINDS AND RULES AS FOLLOWS:**

The Court **GRANTS** Defendants' Motion to Dismiss Complaint for Declaratory Judgment [14].

### I. BACKGROUND

**A.  <u>Factual Background</u>**

This action arises out of a dispute between Plaintiff and Defendants over a trailer for the yet-to-be produced film at issue entitled "Droppers." Beginning in approximately 2007, Plaintiff partnered with Defendant Dimech to produce the motion picture tentatively titled "Droppers" (hereinafter "the Film.") Compl. ¶ 1.  In February 2015, Plaintiff and Dimech produced a trailer for "Droppers" (hereinafter "the Trailer"). <u>Id.</u> at ¶ 2.  Plaintiff was involved in the creation of the Trailer and starred in the Trailer. <u>Id.</u>  Together, Plaintiff and Defendants produced the Trailer. <u>Id.</u>  After the Trailer was completed, the business relationship between Plaintiff and Dimech ended. <u>Id.</u>  Dimech has since threatened litigation against Plaintiff, alleging that Plaintiff infringed upon a copyright belonging to Defendants by releasing the Trailer without Defendants' approval. <u>Id.</u> Defendants threatened litigation unless Plaintiff gave in to certain monetary demands. <u>Id.</u>

Plaintiff now seeks a judicial declaration of the following: (1) "[T]he parties' respective rights and obligations with respect to the copyright allegedly belonging to Defendants;" (2) "[T]hat she is not infringing, has not infringed, and is not liable for

1  infringing any valid copyright owned by Defendants,
2  either directly, or by inducing others to infringe, or
3  by contributing to the infringement of others;" (3)
4  "Defendants do not have an interest in the purported
5  copyright to the motion picture screenplay tentatively
6  titled 'Droppers' sufficient to confer standing on them
7  to pursue claims of infringement." Id. at ¶¶ 15-17.

**B.  Procedural History**

9      Plaintiff filed her Complaint against Defendants on
10 July 29, 2015 [1].  On September 11, 2015, Defendants
11 filed the present Motion to Dismiss [14].  On October
12 27, 2015, Plaintiff filed her Opposition to Defendants'
13 Motion to Dismiss [18].  On November 3, 2015,
14 Defendants filed their Reply [19].

## II. DISCUSSION

**A.  Legal Standards**

17     1.  Motion to Dismiss Pursuant to Rule 12(b)(6)
18     Federal Rule of Civil Procedure 12(b)(6) allows a
19 party to move for dismissal of one or more claims if
20 the pleading fails to state a claim upon which relief
21 can be granted.  Fed. R. Civ. P. 12(b)(6).  Dismissal
22 can be based on "the absence of sufficient facts
23 alleged under a cognizable legal theory." Balistreri
24 v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
25 1990).  A complaint "should not be dismissed under Rule
26 12(b)(6) 'unless it appears beyond doubt that the
27 plaintiff can prove no set of facts in support of his
28 claim which would entitle him to relief.'"  Id. (citing

3

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In a Rule 12(b)(6) motion to dismiss, a court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

**B. Analysis**

    1. <u>Defendants' failure to comply with Local Rule 11-1.</u>

Local Rule 11-1 provides: "All documents, except declarations, shall be signed by the attorney for the party or the party appearing pro se. The name of the person signing the document shall be clearly typed below the signature line." L.R. 11-1. Here, Defendants' failed to sign their Motion to Dismiss [14].

4

1    It is well settled that a district court may
2 dismiss an action "based on a party's ... failure to
3 comply with federal or local rules of civil procedure."
4 Ghazali v. Moran, 26 F.3d 52, 53-54 (9th Cir. 1995).
5 However, a court may in its discretion elect to
6 disregard such deficiencies, such as failure to sign a
7 moving paper, "if it sees fit."  See Gomez v.
8 Macdonald, 2014 WL 1330528, at *2 (C.D. Cal. March 31,
9 2014).  It is clear to this Court, from the face of
10 Defendants' Motion and upon review of Defendants'
11 Reply, that Defendants' failure to comply with Local
12 Rule 11-1 was inadvertent.  The Court thus hereby
13 exercises its discretion, out of considerations of
14 fairness and judicial economy, to nonetheless consider
15 Defendants' Motion on the merits.
16    2.  Defendants' failure to comply with Local Rule
17        7-3.
18    Local Rule 7-3 requires that "counsel contemplating
19 the filing of any motion shall first contact opposing
20 counsel to discuss thoroughly, preferably in person,
21 the substance of the contemplated motion and any
22 potential resolution."  L.R. 7-3.  The Local Rule
23 further requires that this conference shall take place
24 at least seven (7) days prior to the filing of the
25 motion.  Id.  Here, Defendants' Motion [14] was filed
26 without the parties engaging in a "meet and confer" as
27 required by Local Rule 7-3.
28    This Court may, in its discretion, refuse to

5

1  consider Defendants' Motion for failure to comply with
2  Local Rule 7-3.  See, e.g., Reed v. Sandstone
3  Properties, L.P., No. CV 12-05021 MMM (VBKx), 2013 WL
4  1344912, at *6 (C.D. Cal. Apr. 2, 2013).  In her
5  Opposition, Plaintiff neither demonstrates that
6  Defendants' Motion is "unnecessary," nor does Plaintiff
7  show that she has suffered prejudice as a result of the
8  absence of a conference.  Rather, Plaintiff merely
9  states that if the parties' would have conferred prior
10 to Defendants filing their Motion, Plaintiff's counsel
11 would have informed Defendants' counsel of the current
12 state of the law at issue and, as such, "[t]his entire
13 exercise in motion practice could thus have been
14 avoided."  Opp'n 3:11-14.  Thus, as there appears to be
15 no prejudice to Plaintiff in considering Defendants'
16 motion on the merits,[1] the Court hereby exercises its
17 discretion to do so.  Reed, at *6; See Thomas v. U.S.
18 Foods, Inc., No. 8:12-cv-1221-JST (JEMx), 2012 WL
19 5634847, at *1 n. 1 (C.D. Cal. Nov. 14, 2012)
20 (considering the plaintiff's motion despite failure to
21 comply with Local Rule 7-3).  However, the Court
22 admonishes Plaintiff of the seriousness of its failure
23 to follow the Local Rules and cautions Plaintiff to
24 fully comply with all local rules in the filing of any

---

[1] Defendants discuss and evidence in their Reply that the parties have communicated extensively prior to the filing of this Motion, and it seemed unlikely that the parties would have resolved the substance of this Motion in the requisite Rule 7-3 meeting.  Reply 6:6-15; see Reply Ex. A.

1 future motions.
2     3. <u>Plaintiff's Complaint is dismissed for failure</u>
3        <u>to state a claim upon which relief can be</u>
4        <u>granted.</u>
5        a. *Defendants' Motion will not be construed*
6           *as a motion for summary judgment or a*
7           *motion to dismiss for lack of subject*
8           *matter jurisdiction.*

As a preliminary matter, this Court will clarify the nature and purpose of a Rule 12(b)(6) motion to dismiss. The question presented by a motion to dismiss is not whether the plaintiff will ultimately prevail in the action, but whether the plaintiff is entitled to offer evidence in support of its claim. <u>Swierkiewica v. Sorema N.A.</u>, 534 U.S. 506, 511 (2002). "When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." <u>Chubb Custom Ins. Co. v. Space Sys.</u>, 710 F.3d 946, 956 (9th Cir. 2013) (citing <u>Moyo v. Gomez</u>, 32 F.3d 1382, 1384 (9th Cir. 1994)). In keeping with that instruction, with few exceptions, "a district court may not consider any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001) (quoting <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th

Cir. 1994)).[2]  "[I]f a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond."  Richie, 342 F.3d at 907.

As the aforementioned exceptions do not apply to the present case, this Court declines to construe Defendants' Motion to Dismiss [14] as a motion for summary judgment at this early juncture.  Here, Defendants' Motion to Dismiss rightfully focuses on the sufficiency of Plaintiff's Complaint.  Defendants' Motion makes no reference to or arguments against papers outside of the pleadings.  Rather, only the Plaintiff seeks to use moving papers as support for the sufficiency of her Complaint.  Plaintiff provides extensive new argument and evidence in her Opposition. However, this Court will not construe Defendants' Motion as a motion for summary judgment, and as such declines to consider the new evidence and allegations

---

[2] The two exceptions, both inapplicable here, are as follows: "First, a court may consider 'material which is properly submitted as part of the complaint' on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment."  Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001) (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (overruled on other grounds)).  "If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them.  Id. (quoting Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998)). "Second, under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'  Id. (quoting Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986)).

brought forth in Plaintiff's Opposition and accompanying exhibits.

Further, Plaintiff's argument that Defendants' 12(b)(6) Motion is really an "improperly styled" motion to dismiss for lack of subject matter jurisdiction is not persuasive. See Opp'n 7:24-8:4. Defendants' Motion seeks to dismiss Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6) on three grounds: (1) "Plaintiff has no standing to pursue her claim;" (2) "Plaintiff's claim is not ripe and there is no actual controversy to be adjudicated;" and (3) "there is no subject matter jurisdiction, in that Plaintiff does not allege that Defendants have obtained a Copyright Registration Certificate so that they could initiate a copyright infringement action, as required by 17 U.S.C. §§ 411 and 501(b)." Mot. to Dismiss 2:3-15. Defendant properly brought these arguments under a Rule 12(b)(6) motion to dismiss, and thus this Court will only consider the sufficiency of Plaintiff's Complaint for purposes of the present Motion.

      b. *Plaintiff's Complaint fails to state a claim upon which relief may be granted.*

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

However, while the Declaratory Judgment Act "created a new procedural mechanism for removing the threat of impending litigation, it did not expand the jurisdiction of federal courts." Shell Gulf of Mexico Inc. v. Center for Biological Diversity, 771 F.3d 632, 634 (9th Cir. 2014) (quoting Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)). A court may only hear a declaratory judgment action if the claim presents a justiciable case or controversy. See Principal Life Insurance Co. v. Robinson, 394 F. 3d 665 (9th Cir. 2005). "To determine whether a declaratory judgment action presents a justiciable case or controversy, courts consider 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id. (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).

    i. *Plaintiff's claim is not justiciable.*
      1. Plaintiff does not allege an "actual controversy" within the meaning of the Declaratory Judgment Act.

"To establish that a particular declaratory action presents an actual case or controversy, a party is required to show that, under all the circumstances of

the case, there is a substantial controversy between parties having adverse legal interests, and the controversy is of sufficient immediacy and reality to warrant declaratory relief." Hal Roach, 896 F.2d at 1555.

Plaintiff's Complaint does not present an "actual case or controversy" within the meaning of the Declaratory Judgment At, and as such, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint neither (1) adequately alleges that the parties have "adverse legal interests" nor (2) adequately alleges that the controversy is of "sufficient immediacy and reality to warrant declaratory relief." In her Complaint, Plaintiff merely states: "On June 30, 2015, Defendants threatened litigation against Plaintiff, asserting that Plaintiff is infringing upon Defendants' claimed copyright in the screenplay for the motion picture tentatively titled 'Droppers.' On July 25, 2015, Defendants again threatened imminent litigation based on this purported copyright infringement, unless Plaintiff gave in to certain demands. As an actual controversy exists by way of the Defendants' credible threat of immediate litigation and demand for monetary compensation, Plaintiff seeks relief from this Court." Compl. ¶ 10. Plaintiff then adds further vague allegations which lend no more support to her declaratory judgment claim: "Plaintiff is informed and believes that Defendants

1  claim that they own and have standing to pursue claims
2  for infringement of an alleged copyright in . . . and
3  that Plaintiff has infringed such copyright by using
4  copyrighted material without Defendants' permission."
5  Id. at ¶ 11.

6      Plaintiff does not further expound upon why
7  Defendants' threat may be "credible," including whether
8  Defendants even hold a valid copyright registration for
9  "Droppers" upon which they could sue Plaintiff.
10 Plaintiff does not further detail whether or how
11 litigation may have actually been "imminent" prior to
12 her filing a declaratory judgment claim.  Rather,
13 Plaintiff simply states that  "an actual controversy
14 exists by way of the Defendants' credible threat of
15 immediate litigation."  Compl. ¶ 11.  Plaintiff does
16 not support this contention with any evidence or
17 supporting factual allegations.  In fact, Plaintiff's
18 own Complaint shows that Defendants have previously
19 threatened imminent litigation, and have yet to follow
20 through on the initial threat.  See id. at ¶ 10.

21     Plaintiff has failed to show in her Complaint, as
22 is her burden, that under all the circumstances of the
23 case, there is a "substantial controversy between
24 parties having adverse legal interests, and the
25 controversy is of sufficient immediacy and reality to
26 warrant declaratory relief."  Hal Roach, 896 F.2d at
27 1555; see Principal Life Insurance Co., 394 F. 3d 665.
28 Accordingly, this Court finds that Plaintiff has not

1  adequately alleged a claim under the Declaratory
2  Judgment Act.  As such, Plaintiff's Complaint is
3  dismissed for failure to state a claim upon which
4  relief may be granted.  Fed. R. Civ. P. 12(b)(6).

          2.   The dispute is not "ripe for adjudication" and this Court does not have subject matter jurisdiction to hear the matter.

"If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." Principal Life Insurance, 394 F.3d at 669 (citing American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994)).  Whether an action is ripe for review requires the court to evaluate "(1) the fitness of the issues for judicial decision; and (2) the hardship to the parties of withholding court consideration." Id. at 670 (citing Abbott Labs. v. Gardner, 387 U.S. 136, 148-49 (1967), overruled on other grounds by Califano v. Sanders, 430 U.S. 99, 105 (1977)).  In Western Oil & Gas Ass'n v. Sonoma County, the Ninth Circuit held that the hardship element of the Abbott Labs standard is not met unless a litigant shows that "withholding review would result in 'direct and immediate' hardship and would entail more than possible financial loss." 905 F.2d 1287, 1291 (9th Cir. 1990).

The Copyright Act requires that *before* any institution of an action for copyright infringement, there must be a copyright registered in compliance with

sections 411 and 501(b). 17 U.S.C. §§ 411, 501(b) ("no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."). Again, Plaintiff does not allege anywhere in her Complaint that Defendants have registered the Film or the Trailer for copyright. Thus, even if Defendants wished to pursue a claim for copyright infringement against Plaintiff, Plaintiff has not shown the Court that Defendants could in fact bring imminent litigation. Ultimately, Plaintiff has not shown this Court that the issue is fit for judicial decision at this juncture. Further, Plaintiff has not shown, in accordance with the Ninth Circuit's standard discussed above, that she will suffer direct and immediate hardship entailing more than possible financial loss. This Court finds that Plaintiff's claim is not "ripe" for adjudication. "If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction" to hear the matter. <u>Principal Life Insurance</u>, 394 F.3d at 669. Accordingly, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted.

> ii. *Plaintiff's Complaint should be dismissed because there is no possibility of "practical enforcement" of her declaratory judgment claim.*

"A mere demand for declaratory relief does not by itself establish a case or controversy as necessary to confer subject matter jurisdiction. Thus, when the remedy sought is a mere declaration of law without implications for practical enforcement on the parties, the case is properly dismissed." Moore's Federal Practice, 57.22[5].

As discussed above, Plaintiff does not allege anywhere in the Complaint that Defendants have a registered copyright for the Film or the Trailer. Nonetheless, Plaintiff seeks a judicial declaration "of the parties' respective rights and obligations with respect to the copyright," "that she is not infringing, has not infringed, and is not liable for infringing" the copyright, and that "Defendants do not have an interest in the purported copyright." Compl. ¶¶ 15-17. If the Court were to issue such declarations, the Court's order would have no practical effect if a valid copyright does not yet, in fact, exist. In short, Plaintiff's declaratory judgment claim is premature and if entered, possibly practically unenforceable.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Complaint for Declaratory Judgment [14], and affords Plaintiff no leave to amend her Complaint. This Court finds that an amended declaratory judgment claim, brought under these same circumstances, would similarly be premature and unwarranted.

//

### III. CONCLUSION

The Court hereby **GRANTS** Defendants' Motion to Dismiss Complaint for Declaratory Judgment [14], without leave to amend.

**IT IS SO ORDERED.**

DATED: December 30, 2015         s/ RONALD S.W. LEW
                                 **HONORABLE RONALD S.W. LEW**
                                 Senior U.S. District Judge